IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| SAMMIE SMITH | § | |
| v. | § | CIVIL ACTION NO. 5:05cv34 |
| JERRY PRATT, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Sammie Smith, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Smith complained of a search warrant executed on his mother's house in connection with the crime with which he has been charged, that his attorney in the case is "trying to get him convicted," and that his attorney, Jerry Pratt, and a deputy sheriff coached the alleged victim of the offense. He also asserted that Pratt discussed Smith's criminal history with the alleged victim.

Smith also complains about a jail disciplinary case which he received while confined in the Morris County Jail, which he says amounted to double jeopardy because he is also facing free-world misdemeanor charges for the same incident. He complains that the judge presiding over the misdemeanor charge appointed Pratt to represent him, even though Smith had already fired Pratt in his felony case.

After a review of the pleadings, the Magistrate Judge issued a Report on March 9, 2005, recommending that the lawsuit be dismissed. The Magistrate Judge stated that Smith's primary claim revolves around the ongoing conduct of his criminal trial for sexual assault, including

1

the propriety of the search of his mother's house and the performance of his attorney. The Magistrate Judge concluded that Smith's claims in this regard were barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994), wherein the Supreme Court stated that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. Heck, 114 S.Ct. at 2372. Because a holding in Smith's favor on his claims relating to his criminal prosecution would implicate the validity of the pending charges against him, the Magistrate Judge determined that these civil claims could not proceed.

With regard to Smith's double jeopardy claim concerning the prison disciplinary case, the Magistrate Judge observed that the Fifth Circuit has held that prison disciplinary cases do not bar future criminal prosecutions. United States v. Galan, 82 F.3d 639, 640 (5th Cir. 1996); Showery v. Samaniego, 814 F.2d 200, 202 (5th Cir. 1987). Consequently, the Magistrate Judge ascertained that Smith's claim on this point was untenable.

To the extent that Smith challenged the disciplinary case itself, the punishment which he received for this case was 30 days' loss of privileges. The Magistrate Judge concluded that this punishment did not implicate any constitutionally protected liberty interest and so Smith's claim regarding the disciplinary case was without merit. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995).

Next, the Magistrate Judge addressed Smith's general claim that Officer Schuler, who wrote the disciplinary case on him, was retaliating against him. The Magistrate Judge determined that Smith failed to set out specific facts concerning his claim of retaliation, and failed to show either direct evidence of retaliation or a chronology from which retaliation could plausibly be inferred. *See* Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Thus, the Magistrate Judge stated that Smith's retaliation claim was without merit.

Finally, the Magistrate Judge observed that Smith sued a judge named Paula Dyke and his court-appointed attorney, Jerry Pratt. The Magistrate Judge stated that neither of these persons was amenable to suit under Section 1983 because Judge Dyke was acting in her judicial capacity and thus immune from suit, while Pratt did not act under color of state law. Dayse v. Schuldt, 894 F.2d 170 (5th Cir. 1990); Ellison v. De La Rosa, 685 F.2d 959 (5th Cir. 1982). The Magistrate Judge thus recommended that Smith's lawsuit be dismissed.

Smith received a copy of the Magistrate Judge's Report on March 13, 2005, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and has determined that this Report is correct. It is accordingly

ORDERED that the Plaintiff's claims which implicate the validity of the charges pending against him be and hereby are DISMISSED WITHOUT PREJUDICE. Smith can refile these claims at such time as he can show that the charges against him have been dismissed or that any conviction resulting from such charges has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. Clarke v. Stalder, 154 F.3d 186, 188 (5th Cir. 1998). It is further

ORDERED that Smith's double jeopardy claim, his claim regarding the validity of his disciplinary case, and his claims against Jerry Pratt and Judge Dyke be and hereby are DISMISSED WITH PREJUDICE as frivolous. 28 U.S.C. §1915A. It is further

ORDERED that the dismissal of these claims and parties shall count as a strike for purposes of 28 U.S.C. §1915(g). Finally, it is

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

SIGNED this ___11___ day of May, 2005.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE